**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES FAIRCLOTH,

     Plaintiff - Appellant,

v.

CELIA SCHWARTZ, Legal Assistant for
BVCF, in her official and individual
capacities,

     Defendant - Appellee.

No. 16-1077
(D.C. No. 1:12-CV-02764-REB-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

James Faircloth, a state prisoner proceeding pro se, seeks damages under 42

U.S.C. § 1983 from Celia Schwartz, a prison librarian at the Buena Vista Correctional

Facility. He claims that she interfered with his access to the courts and retaliated against

him for filing grievances against her, in violation of the First Amendment to the United

States Constitution. The United States District Court for the District of Colorado granted

Ms. Schwartz summary judgment after denying Mr. Faircloth's motion for an extension

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of time to conduct additional discovery. Mr. Faircloth appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Faircloth's brief on appeal is not a model of clarity. We construe it liberally, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), but we will not construct legal theories for him, *see id.* ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments."). His brief appears to raise only one issue: whether the district court erred in denying his motion for an extension of time to conduct discovery before responding to Ms. Schwartz's motion for summary judgment. The only action he wants from this court is a "[r]emand for further proceedings to allow opposition motion and affidavits and other materials to be proffered to the district court for proper and full review of the matters of the material facts in dispute for trial." Aplt. Br. at 9.

To address this challenge, we begin by summarizing the events leading to the grant of summary judgment. Ms. Schwartz filed her motion for summary judgment on January 25, 2016, more than three years after Mr. Faircloth filed his initial complaint and about seven weeks before trial was set to begin. Mr. Faircloth's response was due on February 9. On that date he filed a pleading styled "Motion—For Extension of Time to Respond to Summary Judgment Motion Fed. R. Civ. P. 56(E), 56(F)," which contended that he needed more time to conduct necessary discovery. The district court denied the motion, saying that "[Mr. Faircloth] has had more than three years to litigate," that the "record in this case, including the filings of Mr. Faircloth himself, demonstrate[s] that [he] long has had access to the information he needs," and that "with trial just over a

2

month away, [he] must focus on this case so his claims can be resolved on the merits." Dist. Ct. Order on Rule 56(d) Mot. (Dist. Ct. Order) at 3, App., Vol. 5 at 177. Even so, the court did not foreclose granting him relief. Its order said that "in his response to the motion for summary judgment, Mr. Faircloth properly may cite evidence he has not been able to obtain and to argue why such evidence may be relevant to his summary judgment response." *Id.*

Mr. Faircloth did not take advantage of the offer and file a response to the motion for summary judgment. But the district court, recognizing his pro se status, treated his motion for an extension of time and an affidavit submitted by him as his response. In its order granting summary judgment it displayed even more tolerance by considering unsworn statements and hearsay in those documents.

The law governing Mr. Faircloth's motion requesting additional time to pursue discovery is set forth in Fed. R. Civ. P. 56(d), which states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). We review for abuse of discretion the denial of a Rule 56(d) motion. *See F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013). "We will not reverse unless the district court's decision to deny discovery exceeded the bounds of the rationally available choices given the facts and the applicable law in the case at hand." *Id.* (brackets and internal quotation marks omitted).

3

The district court's response to Mr. Faircloth's motion was eminently reasonable, and we see no abuse of discretion in the denial. On appeal Mr. Faircloth discusses the evidence he would like to obtain but he makes no effort to challenge the district court's description of the procedural posture of the case. Nor does he acknowledge that the district court bent over backwards to assist him by offering to consider evidence that he was not able to obtain, so long as he made a showing of relevance, and by actually considering the unsworn statements and hearsay appearing in his motion for an extension of time and his affidavit.

We also address one other matter that Mr. Faircloth may be raising in his opening brief in this court. His brief might be read as challenging the district court's rejection of his claim that Ms. Schwartz was retaliating against him for his threat to file a grievance against her (uttered during an incident on October 10, 2012) when she submitted an alleged false report about the incident that led to disciplinary proceedings against him. The court's opinion does not mention the threat to file a grievance, and the brief objects that "the complaint clearly stated that Faircloth was going to file a grievance and defendant Schwartz overheard it and while Faircloth was on his way to file the grievance she caused a false report to be filed." Aplt. Br. at 3.

This additional information would not, however, affect the propriety of the summary judgment. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The problem with the information referenced by Mr. Faircloth is that it is immaterial whether he threatened to file a grievance. To survive summary judgment on a

4

First Amendment retaliation claim, a plaintiff must show that the adverse action by the defendant was in response to constitutionally protected activity. *See Mocek v. City of Albuquerque*, 813 F.3d 912, 930 (10th Cir. 2015) (first element of retaliation claim is that plaintiff "was engaged in constitutionally protected activity" (internal quotation marks omitted)). And to prevail on a damage claim under § 1983, the showing that the activity was constitutionally protected must be supported by clearly established law. *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016) ("Qualified immunity protects government officials from suit for civil damages if their conduct does not violate clearly established statutory or constitutional rights."). Mr. Faircloth's claim does not satisfy the latter requirement. "A right is clearly established in this circuit when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted). But we are aware of no Supreme Court or Tenth Circuit opinion declaring that a threat to file a grievance is constitutionally protected activity. And there is certainly no consensus of other courts. *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("[I]t seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance."); *Dawson v. Audet*, No. 12-cv-00901-MSK-BNB, 2014 WL 4947315, at *4 (D. Colo. Sept. 30, 2014) (reviewing pertinent caselaw). We will not reverse the judgment below based on Mr. Faircloth's vague and undeveloped challenge to the merits of the court's ruling.

5

We AFFIRM the judgment of the district court. Mr. Faircloth's motions to proceed in forma pauperis, to conduct a phone hearing, and to appoint counsel are DENIED.

Entered for the Court


Harris L Hartz
Circuit Judge